IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LISA K. FORNICOIA,                    )
                                      )
            Plaintiff,                )
   vs.                                ) Civil Action No. 99-1177
                                      )
HAEMONETICS CORPORATION,              )
                                      )
            Defendant.                )

MEMORANDUM AND ORDER

Gary L. Lancaster,
District Judge.                                        January 26, 2006

       This case involves an appeal of a jury verdict in favor of plaintiff in her case for sexual harassment. Plaintiff, Lisa K. Fornicoia, brought suit against defendant, Haemonetics Corporation, alleging that she was sexually harassed, retaliated against, and constructively discharged in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. Before the court is defendant's motion for a partial new trial limited to plaintiff's claim of sexual harassment.

I.    BACKGROUND

       The pertinent background facts are as follows. Plaintiff began her employment as a Clinical Specialist with Haemonetics in 1992. In 1993, she was named Manager, Clinical Services in the company's Life Support Division, and reported directly to John Teutsch. Teutsch reported to Gary Stacey, who oversaw the entire

Life Support Division.

Plaintiff alleged that beginning in May 1994 through February 1997, Teutsch sexually harassed her and treated her in a dangerous manner. Among other things, plaintiff alleged that Teutsch engaged in inappropriate touching, diverted conversations to personal, intimate or sexual topics, sent her daughter gifts, appeared before plaintiff partially clothed, and implied that he wanted to hurt plaintiff, her daughter or himself.

In October 1994, plaintiff first voiced her concerns about Teutsch's behavior to Stacey and defendant's General Counsel and Human Resources Director, Alicia Lopez. Lopez investigated the situation and determined that Teutsch had not sexually harassed plaintiff; however, Lopez and Stacey changed the reporting relationship so that plaintiff no longer reported to Teutsch. Teutsch was directed to channel all correspondence to plaintiff through Stacey's office, and Teutsch and plaintiff were instructed not to take any business trips together.

Plaintiff alleged that Teutsch continued to harass her, and claims that she complained to defendant again in May 1995. Defendant did not recall this complaint, but recalled that plaintiff complained again on January 14, 1997. At that time, Lopez again determined that Teutsch's behavior did not constitute sexual harassment, but determined that plaintiff and Teutsch could no longer work together. Stacey sent a letter to Teutsch on

January 28, 1997 stating that he was to have no contact with plaintiff.

In February 1997, Stacey informed plaintiff that the company was reorganizing and that she was being laterally moved to the position of Clinical Specialist. On March 22, 1997, plaintiff resigned from Haemonetics.

Plaintiff filed suit in this court, asserting claims of sexual harassment, retaliation, and constructive discharge. Trial of this matter commenced on September 15, 2003 and ended on September 22, 2003. At trial, defendant objected to the jury instructions on the basis that they misstated the appropriate standard for supervisor and co-worker liability under Farragher v. Boca Raton, 524 U.S. 775 (1998) and Burlington Industries v. Ellerth, 524 U.S. 742 (1998). The court overruled defendant's objection and gave the jury the instructions as written. The jury was given special interrogatories. The jury found plaintiff was sexually harassed but was not constructively discharged or retaliated against. The jury awarded plaintiff $40,000 in compensatory damages and $310,000 in punitive damages. Judgment was entered for plaintiff and against defendant for $350,000. Defendant timely appealed, *inter alia*, the issue of whether the jury instructions were appropriate. Plaintiff did not cross-appeal any issue.

The Court of Appeals for the Third Circuit reversed and remanded for a new trial. Specifically, the Court of Appeals found that the jury instructions impermissibly directed the jury to find for plaintiff if they found that plaintiff's harasser was also her supervisor. The Court of Appeals held that this court should have instructed the jury to determine whether or not plaintiff suffered a tangible employment action. If so, defendant would have been strictly liable. If not, the jury would have had to determine whether defendant had established it was entitled to an affirmative defense to liability. The Court of Appeals "reverse[d] the Order of the District Court and remand[ed] for a new trial consistent with this opinion."

## II. DISCUSSION

Defendant now contends that there should be a partial new trial in this matter, solely limited to plaintiff's sexual harassment claim. Defendant argues that: (1) plaintiff failed to file a cross-appeal and, thus waived the right to retry her claims of constructive discharge and retaliation; and (2) a partial new trial is appropriate because the sexual harassment claim is separate and distinct from the claims for constructive discharge and retaliation.

Based on the briefs of the parties and arguments of counsel, we agree that plaintiff's retaliation is separate and

distinct from her claim for sexual harassment; however, we find that plaintiff's constructive discharge claim is sufficiently intertwined with her sexual harassment claim so as to require retrial of both.

We first address defendant's argument that plaintiff waived her right to retry her constructive discharge claim by failing to file a cross-appeal. In <u>Repola v. Mobark Industries</u>, 980 F.3d 938, 941 (3d Cir. 1992), the Court of Appeals stated that the failure to file a cross-appeal was not jurisdictional but rather "the lack of a formal cross-appeal will not always preclude an appeals court from considering certain issues or parties not participating in the appeal...."

Taken in conjunction with the Court of Appeals' decision in <u>Pryer v. Slavic</u>, 251 F.3d 448 (3d Cir. 2001), it is clear that a party's failure to fail a cross-appeal on certain issues does not preclude retrial of those issues. Indeed, the Court of Appeals has held that it is improper to resort to a partial new trial "unless it clearly appears that the issue to be retried is so distinct and separable from the others that a trial of it alone may be had without injustice." <u>Id</u>. at 454-55. <u>See also</u> <u>Elock v. Kmart Corporation</u>, 233 F.3d 734, 758 (3d Cir. 2000) (quoting <u>Vizzine v. Ford Motor Co.</u>, 569 F.2d 754, 760 (3d Cir. 1977) and <u>Gasoline Prods. Co. v. Champlin Refining Co.</u>, 283 U.S. 494, 500 (1931)). The Court of Appeals has further held that, "the grant of a partial

new trial is appropriate only in those cases where it is plain that the error which has crept into one element of the verdict did not in any way affect the determination of any other issue." Elock, 233 F.3d at 758.

Here, despite defendant's assertions to the contrary, some of the facts underlying plaintiff's claim for sexual harassment are identical to the facts that would support a claim for constructive discharge. Specifically, the Supreme Court recently held that a constructive discharge can render the defendant strictly liable if the acts which lead to the constructive discharge are official, tangible employment actions such as promotion, demotion or transfer. Pa. State Police v. Suders, 524 U.S. 129 (2004). If, however, the acts that lead to the constructive discharge are wholly unofficial, defendant can assert the affirmative defense to liability. Id. Moreover, the Court of Appeals has held that constructive discharge can be a tangible employment action. Durham Life Ins. Co. v. Evans, 166 F.3d 139, 149 (3d Cir. 1999).

Where as here, plaintiff's constructive discharge claim may prove to be the tangible employment action for her sexual harassment claim, we find that the causes of action are "so interwoven [that one issue] cannot be submitted to the jury independently of the [other issue] without confusion and uncertainty, which would amount to denial of a fair trial." See

Pryer, 251 F.3d at 455. We disagree with defendant's argument that plaintiff's sexual harassment claim is factually, legally and temporally different from her constructive discharge claim. The record indicates that plaintiff was allegedly harassed as late as January 1997, complained in February 1997, and resigned in March 1997. It appears that her claim for sexual harassment, which may hinge on her constructive discharge, is interwoven factually and temporally with her constructive discharge claim.

III. CONCLUSION

We find that the issues are sufficiently intertwined so as to warrant a new trial on both the sexual harassment and constructive discharge claims. Plaintiff's retaliation claim is separate and distinct from her claims for sexual harassment and constructive discharge, and will not be retried. Accordingly, defendant's motion to limit the new trial to plaintiff's sexual harassment claim is DENIED.

BY THE COURT:

_____, J.

cc: All Counsel of Record